UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  08-23088-CIV  COOKE/BANDSTRA

EDGARDO SEPULVEDA,

    *Plaintiff*,

v.

CINGHIALINO, LLC., *et al.*.

    *Defendants*.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** is before the Court upon Defendant Cinghialino, LLC.'s Motion to Dismiss [DE 7].  Plaintiff filed a response [DE 12], but the time to file a reply has long passed, with none being filed.  The motion is now ripe for adjudication.

Although not citing Federal Rule of Civil Procedure 12(b)(6), Defendant has moved to dismiss this action for failure to state a claim upon which relief can be granted.  Providing the basis for this motion is Defendant's claim that Plaintiff has failed to plead his claim in conformity with Federal Rule of Civil Procedure 10(b).

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."  *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 214715, *1 (S.D. Fla Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted).  This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  The

complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

      The Court has reviewed the Motion to Dismiss, Response and Complaint. Although Defendant is correct that Plaintiff inappropriately incorporates and reincorporates certain earlier paragraphs into later counts, this in no way resembles a typical shotgun pleading. The alleged facts are set out in numbered ordered paragraphs and claims are listed in separate counts. Furthermore, the counts are separated by defendant. Defendants allege that because some allegations appear intertwined due to the reincorporated paragraphs, they are unable to properly respond to them. Defendants, however, cite no specific examples which are causing confusion.

      I find that Plaintiff's Complaint meets both the Rule 8 and Rule 10 requirements. Accordingly, I find that Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, which was premised on a Rule 10 violation, must fail. Defendant's Motion to Dismiss [DE 7] is **DENIED**.

**DONE and ORDERED** in chambers, Miami, Florida, this 3rd day of April 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*